UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMIE JOHN-CRANE,

      Plaintiff/Counter-Defendant

  v.

CONSUMER PORTFOLIO SERVICES,
INC.,

      Defendant/Counter-Plaintiff.

_____

CONSUMER PORTFOLIO SERVICES,
INC.,

      Third-Party Plaintiff,

JAMIE JOHN-CRANE, as Trustee for Kids
with Adult Money Trust (1); JOHN-CRANE
PRIVATE BANK E&T; and OREGON
DEPARTMENT OF TRANSPORTATION,
DRIVER AND MOTOR VEHICLE
SERVICES,

      Third-Party Defendants.

_____

Case No. 6:25-cv-00213-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

      Plaintiff Jamie John-Crane brings this action against Defendant Consumer Portfolio

Services, Inc. ("CPS"), alleging that Defendant falsely asserts a lien on Plaintiff's Jeep Gladiator

vehicle. ECF No. 1, Ex. A. Before the Court are Plaintiff's "Motion to Compel the Court to

Page 1 — OPINION AND ORDER

Operate in Equity, Uphold Constitutional Obligations, and Disclose Commercial Dealings Associated with this Case," ECF No. 9; fourteen separate Motions for Judicial Notice, ECF Nos. 8, 11, 17-22, 24, 26, 28-31; Plaintiff's Motion for Entry of Default and Motion for Default Judgment, ECF Nos. 14, 15; Defendant's Motion for Preliminary Injunction, ECF No. 40; and Defendant's oral Motion for Alternative Service. For the following reasons, Plaintiff's motions are denied, Defendant's Motion for Preliminary Injunction is denied as moot, and Defendant's oral Motion for Alternative Service is granted.

## BACKGROUND

This case relates to a lien on Plaintiff's title certificate for her 2023 Jeep Gladiator ("the Vehicle"), allegedly held by Defendant. Pl.'s Compl. ¶¶ 5, 8, ECF No. 1-1. Plaintiff alleges that the lien is invalid, *id.* ¶ 8, and that Defendant "has reported inaccurate and derogatory information regarding Plaintiff to consumer credit reporting agencies, causing harm to Plaintiff's credit reputation and standing in the business community." *Id.* ¶ 23.

In its Answer, Counterclaim, and Third-Party Complaint, Defendant alleges that Plaintiff has fraudulently obtained a new title from the Oregon DMV which lists "Kids with Adult Money Trust" as the owner of the Vehicle and "John-Crane Bank" as the only lienholder. Def.'s Countercl. & Third-Party Compl. ¶¶ 22-25, ECF No. 39. Defendant has filed a counterclaim against Plaintiff for breach of the alleged Retail Installment Contract that financed the Vehicle. *Id.* ¶¶ 34-37. Defendant also filed a third-party complaint against Plaintiff as trustee for Kids with Adult Money Trust, John-Crane Bank, and the Oregon DMV, seeking a declaratory judgment that the lien on the Vehicle title was improperly released and remains valid. *Id.* ¶¶ 31-33. Defendant also asserts a Detinue claim against Plaintiff as trustee for Kids with Adult Money Trust seeking immediate possession of the vehicle, and a Slander of Title claim against Plaintiff, Plaintiff as trustee for Kids with Adult Money Trust, and John-Crane Bank. *Id.* ¶¶ 41-46.

## DISCUSSION

### I.    Motion to Compel the Court

Plaintiff has filed a "Motion to Compel the Court" in which she requests that the Court "(1) Operate in equity and uphold constitutional and statutory obligations; (2) Compel disclosure of all financial instruments, commercial transactions, and bonding associated with this case, (3) Recognize Plaintiff's trust as the equitable holder of the property and declare [Defendant's] actions unlawful; and (4) Grant any other relief this Court deems just and proper." ECF No. 9.

With respect to Plaintiff's first request, the Court's legal obligations and duties speak for themselves. Regarding Plaintiff's second request, the Court is not a party to this case subject to discovery. Plaintiff's final substantive request is simply a restatement of the relief she seeks in this case and is not appropriate for resolution through a "motion to compel." Plaintiff's motion (ECF No. 9) is denied.

### II.    Requests for Judicial Notice

Plaintiff has filed fourteen motions seeking judicial notice of various matters. ECF Nos. 8, 11, 17-22, 24, 26, 28-31. Upon a properly supported request by a party, a federal court may take judicial notice of adjudicative facts. Fed. R. Evid. 201(a), (d). However, there is no pending motion before the Court for which such facts would be relevant. Thus, the motions are not ripe and are denied for that reason. *See, e.g. Neylon v. County of Inyo*, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) (declining to take judicial notice because it was unnecessary to decide the matters at issue) (citing *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1410 n. 2 (9th Cir. 1990)).

### III.    Default

Plaintiff seeks entry of default and default judgment against Defendant. ECF Nos. 14, 15. Under Fed. R. Civ. P. 55, "[w]hen a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff argues that because Defendant did not timely file a responsive pleading, it is in default.

Defendant removed this case to federal court on February 7, 2025. ECF No. 1. Defendant's responsive pleading was due February 14, 2025. *See* Fed. R. Civ. P. 81(c)(2). On the day the responsive pleading was due, Defendant filed a motion for extension of time to file it. ECF No. 6. Although the Court understands that the motion was opposed, and that the Court did not grant it until after the February 7, 2025, due date had passed, the motion nevertheless indicates Defendant's active engagement in the case. Thus, it does not appear from the record that Defendant has "failed to plead or otherwise defend," as required to enter default under Rule 55. Plaintiff's Motion for Default (ECF No. 15) and Motion for Default Judgment (ECF No. 14) are therefore denied.

## IV.   Defendant's Motion for Preliminary Injunction

Defendant seeks a preliminary injunction to enjoin Plaintiff from "assigning, transferring, damaging, altering, or disposing of the vehicle at issue in this case, including transferring or altering any interest in or lien on title to the vehicle." ECF No. 40. The Court held a hearing on the motion on April 23, 2025. During that hearing, Plaintiff represented that she would not transfer or damage the vehicle in any way while this suit is pending. Thus, based on Plaintiff's stipulation, the Court orders that Plaintiff is prohibited from: transferring ownership of the Vehicle, physically damaging or altering the Vehicle, altering or transferring title to the Vehicle, or removing the Vehicle from the State of Oregon. Defendant's Motion for Preliminary Injunction is denied as moot in light of Plaintiff's stipulations and the Court's resulting order as just outlined.

V.    **Defendant's Oral Motion for Alternative Service**

During the April 23, 2025, hearing, defense counsel represented that Defendant has been unable to serve Third-Party Defendants Jamie John-Crane as Trustee for Kids with Adult Money Trust or John-Crane Private Bank E&T and inquired about how to proceed. The Court construes defense counsel's inquiry as an oral motion for alternative service.

Oregon law provides for alternative service "when it appears that service is not possible under any method otherwise specified in these rules or other rule or statute." Or. R. Civ. P. 7(D)(6). Based on Defense Counsel's representations during the hearing and Plaintiff's unwillingness to facilitate service on her or the entities for which she may serve as a representative agent, the Court finds that this standard is met. Oregon law permits alternative service by a number of means, including by publication. *Id.* When granting leave to serve defendants by publication, a court must "direct publication to be made in a newspaper of general circulation in the county where the action is commenced." Or. R. Civ. P. 7(D)(6)(a)(i)(A). Here, the action was commenced in Lane County, making *The Register Guard* and *Eugene Weekly* appropriate newspapers of general circulation to effect alternative service by publication. The Oregon rules specify that for service by publication, the summons must be published four times in successive calendar weeks. Or. R. Civ. P. 7(D)(6)(a)(i)(A). The Court finds that this alternative method of service is reasonably calculated to apprise Third-Party Defendants of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.

VI.    **Stay of Discovery and Motion Practice**

As the Court noted when it stayed additional motion practice before Defendant filed its answer, *see* ECF No. 32, there have been an unusual number of motions filed in this case, particularly in light of the posture of this case, which is still in the pleading stage. Several Third-

Party Defendants have yet to appear or even be served. In the interest of judicial economy and efficient resolution of this case, the Court stays further motion practice in this case until all parties have appeared, and the Court has held a Rule 16 conference to set deadlines for this case. This order applies to all motions except those seeking emergency relief, such as for a temporary restraining order or preliminary injunction. Parties are cautioned that any such emergency motions must be well-supported by fact and law, and they are responsible for familiarizing themselves and complying with the Federal Rules of Civil Procedure and the local rules.[1]

In addition, the deadlines set forth in ECF No. 4 are vacated and discovery is stayed until the date of the Rule 16 conference, which will be scheduled after all parties have appeared and pleadings are resolved. Any subpoenas served prior to the date of this order are quashed.

## CONCLUSION

Plaintiff's Motion to Compel (ECF No. 9), Motions for Judicial Notice (ECF Nos. 8, 11, 17-22, 24, 26, 28-31), Motion for Entry of Default (ECF No. 15), and Motion for Default Judgment (ECF No. 14) are DENIED. Based on the parties' stipulations, Plaintiff shall not transfer ownership of the Vehicle, physically damage or alter the Vehicle, alter or transfer title to the Vehicle, or remove the Vehicle from the State of Oregon. Defendant's Motion for Preliminary Injunction (ECF No. 40) is DENIED AS MOOT. Defendant's oral motion for alternative service is GRANTED and service is authorized by publication as set forth in this

/ / /

/ / /

/ / /

---

[1] Available at available at https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/local-rules/civil-procedure

opinion. Further motion practice and discovery are STAYED (except as to emergency motions) until such time as the Court holds a Rule 16 conference.

       DATED this <u>30th</u> day of April 2025.

<u>s/ Mustafa T. Kasubhai</u>
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
