Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
9385 SW Locust Street
Tigard, Oregon 97223
Telephone: (971) 302-6236

Ke Liu (Admitted *Pro Hac Vice*)
kliu@pilgrimchristakis.com
PILGRIM CHRISTAKIS LLP
One South Dearborn Street, Suite 1420
Chicago, Illinois 60603
Telephone: (312) 445-0488

Attorneys for Defendant/Counter-Plaintiff/Third-Party Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JAMIE JOHN-CRANE, | Case No: 6:25-cv-00213-MTK |
| Plaintiff/Counter-Defendant, | **CONSUMER PORTFOLIO SERVICES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE** |
| v. | |
| CONSUMER PORTFOLIO SERVICES, INC., | |
| Defendant/Counter-Plaintiff. | |
| CONSUMER PORTFOLIO SERVICES, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| JAMIE JOHN-CRANE, AS TRUSTEE FOR KIDS WITH ADULT MONEY TRUST (1); JOHN-CRANE PRIVATE BANK E&T; and OREGON DEPARTMENT OF TRANSPORTATION, DRIVER AND MOTOR VEHICLE SERVICES, | |
| Third-Party Defendants. | |

Page 1 – CONSUMER PORTFOLIO SERVICES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE

Third-Party Plaintiff Consumer Portfolio Services, Inc. ("CPS"), by counsel, respectfully responds to the Court's Order to Show Cause (ECF No. 88), as follows:

**Background**

1.  On April 10, 2025, CPS filed a Third-Party Complaint against Third-Party Defendants Kids with Adult Money Trust and John-Crane Private Bank E&T ("Third-Party Defendants"). (ECF No. 39.)

2.  On April 30, 2025, the Court entered an order staying all motion practice and discovery until a Rule 16 conference is held. (ECF No. 56.)

3.  On May 5, 2025, Plaintiff/Counter-Defendant Jamie John-Crane ("John-Crane") filed a motion to dismiss on behalf of herself and Third-Party Defendant Kids with Adult Money Trust. (ECF No. 60.) The motion was denied as frivolous and in violation of the Court's stay order. (ECF No. 62.) On May 13, 2025, John-Crane filed a motion to clarify the Court's order denying her motion, which too was denied. (ECF Nos. 63, 66.)

4.  On June 10, 2025, John-Crane, on behalf of Third-Party Defendants, filed a motion to dismiss for lack of jurisdiction, and also a motion for summary judgment. (ECF Nos. 67, 69.) Both motions were denied in violation of the Court's stay order. (ECF No. 70.) The Court then lifted the stay only to allow for filing of motions under Rules 12 and 55. (*Id.*)

5.  On June 26, 2025, CPS filed proof of service (by publication) as to Third-Party Defendants. (ECF Nos. 71-72.)

6.  Subsequently, on September 23, 2025, the Court held a status hearing where John-Crane represented that Third-Party Defendants would be filing another motion to dismiss under Rule 12. The Court ordered "all outstanding responsive pleadings" to be filed by October 24, 2025. (ECF No. 77.)

7. On October 21, 2025, John-Crane, on behalf of Third-Party Defendants, filed their motion to dismiss. (ECF No. 78.)

8. On October 23, 2025, the Court struck the motion to dismiss on the ground that John-Crane, as a non-attorney, cannot represent the Third-Party Defendants. (ECF No. 81.) The Court ordered Third-Party Defendants to obtain counsel by November 13, 2025. (*Id.*)

9. On November 17, 2025, John-Crane, on behalf of Third-Party Defendants, filed another motion to dismiss, along with a motion for declaratory judgment. (ECF Nos. 82-84.)

10. On December 4, 2025, the Court entered an order striking those motions because John-Crane cannot represent the Third-Party Defendants. (ECF Nos. 85.) On December 14, 2025, John-Crane moved for reconsideration, which the Court denied on December 18, 2025. (ECF Nos. 86-87.)

11. Also on December 18, 2025, the Court ordered CPS to show cause why its third-party claims should not be dismissed for failure to prosecute. (ECF No. 88.)

12. CPS has contemporaneously filed its Motion for Entry of Default against Third-Party Defendants. (ECF No. 91.) CPS has also moved for entry of default against John-Crane. (ECF No. 92.)

## Response

13. In evaluating whether a matter should be dismissed for failure to prosecute, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, all factors weigh against dismissal.

14. The Court ordered Third-Party Defendants to answer or otherwise respond to the Third-Party Complaint by October 24, 2025. (ECF No. 77.) Third-Party Defendants timely moved to dismiss on October 21, 2025. (ECF No. 78.) Although Third-Party Defendants' motion to dismiss was stricken due to appearance by a non-attorney, they were not in default during the pendency of their motion. *See, e.g., Elderkin v. Romeo*, 2021 WL 12157891, at *1 (N.D.N.Y. May. 24, 2021). Moreover, upon striking their motion, the Court permitted Third-Party Defendants time to obtain counsel by November 13, 2025. (ECF No. 81.)

15. Subsequently, Third-Party Defendants once again filed a motion to dismiss on November 17, 2025. (ECF No. 82.) Accordingly, counsel for CPS's understanding was that Third-Party Defendants were not in default until December 4, 2025, when the Court struck this motion. (ECF No. 85.)

16. Thereafter, Third-Party Defendants moved for reconsideration of the Court's order, which was denied on December 18, 2025, the same day the Court ordered CPS to show cause. (ECF Nos. 86-88.)

17. Based on these circumstances, CPS respectfully avers that it has not been dilatory in seeking default against Third-Party Defendants. "Dismissal [for failure to prosecute] is a harsh penalty and should be imposed only in extreme circumstances." *Pena v. Sherman*, 743 Fed. App'x 882, 882 (9th Cir. 2018). Third-Party Defendants have filed several motions to dismiss which, while appropriately stricken for failure to appear via counsel, have not evidenced that they have "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).[1] Third-Party Defendants' most recent November 17, 2025, motion to dismiss was stricken on December 4, 2025; thus, as

---

[1] Further, courts routinely deny motions for default or set aside entry of default upon appearance of counsel. *See, e.g., Justin F. v. Maloney*, 2004 WL 3078811, at *1 (D. Conn. Dec. 21, 2004); *Trustees of Pavers District Council Apprenticeship v. Lavin Inc.*, 2024 WL 5711330, at *1 (E.D.N.Y. Dec. 10, 2024).

Page 4 – CONSUMER PORTFOLIO SERVICES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE

of December 18, 2025, Third-Party Defendants had been in default for only 14 days, during which their motion for reconsideration was also pending. CPS has not caused this proceeding to be unreasonably delayed, and permitting CPS's third-party claims to move forward will not unduly prejudice Third-Party Defendants.

18. Moreover, CPS has contemporaneously filed its Motion for Entry of Default against Third-Party Defendants. (ECF No. 91.) At the same time, counsel for CPS has been working diligently to obtain information from the Oregon Department of Motor Vehicle concerning the title for the vehicle at issue in this case, in support of a motion for default judgment against Third-Party Defendants after default is entered.

19. Accordingly, under these circumstances, the factors weigh against dismissal for want of prosecution.

WHEREFORE, Third-Party Plaintiff Consumer Portfolio Services, Inc. respectfully requests that the Court lift the Order to Show Cause.

        Respectfully submitted,

        PILGRIM CHRISTAKIS LLP

        */s/ Ke Liu*
        Ke Liu (admitted *pro hac vice*)
        kliu@pilgrimchristakis.com
        Pilgrim Christakis LLP
        One South Dearborn Street, Suite 1420
        Chicago, Illinois 60603
        Ph.: (312) 445-0488

SABIDO LAW, LLC

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
9385 SW Locust Street
Tigard, Oregon 97223
Tel: (971) 302-6236

*Attorneys for Third-Party Plaintiff*
*Consumer Portfolio Services, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 8, 2026, I caused a true and accurate copy of the foregoing document to be filed using the CM/ECF System, which will electronically serve all parties of record.

                                                  /s/ *Ke Liu*