**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | | |
|---|---|---|
| JAMIE JOHN-CRANE,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>CONSUMER PORTFOLIO SERVICES, INC.,<br><br>Defendant/Counter-Plaintiff.<br><br>_______________<br><br>CONSUMER PORTFOLIO SERVICES, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>JAMIE JOHN-CRANE, AS TRUSTEE FOR KIDS WITH ADULT MONEY TRUST (1); JOHN-CRANE PRIVATE BANK E&T; and OREGON DEPARTMENT OF TRANSPORTATION, DRIVER AND MOTOR VEHICLE SERVICES,<br><br>Third-Party Defendants. | ) | Case No: 6:25-cv-00213-MTK<br><br>**ORDER** |

**KASUBHAI**, United States District Judge:

Defendant/Counter-Plaintiff/Third-Party Plaintiff Consumer Portfolio Services, Inc. ("CPS") brings a Motion for Default Judgment ("Motion") against Plaintiff/Counter-Defendant Jamie John-Crane ("John-Crane") and Third-Party Defendants Kids With Adult Money Trust

("Trust") and John-Crane Private Bank E&T ("John-Crane Bank"). (ECF No. 96.) CPS also requests its attorney's fees. (ECF No. 106.) On August 26, 2026, the Court held an evidentiary hearing. (ECF No. 110.) Based on the evidence presented and for the reasons stated on the record, the Court makes the following findings and grants CPS's motion.

## Findings of Fact

On October 4, 2024, John-Crane purchased a 2023 Jeep Gladiator with VIN ending -2621 ("Vehicle") from Gladstone Mitsubishi ("Gladstone"). (ECF No. 39, ¶ 7, Ex. A; ECF No. 97, ¶ 5, Ex. A.) John-Crane financed her purchase by entering into a Retail Installment Contract ("Contract") with Gladstone, borrowing $38,437.42. (*Id.*) Gladstone assigned its rights and interests in the Contract to the financing company, CPS. (ECF No. 39, ¶ 8, Ex. B; ECF No. 97, ¶ 6, Ex. B.) As part of the transaction, John-Crane submitted a title application to the Oregon Department of Motor Vehicles ("DMV"), identifying herself as the owner of the Vehicle, and CPS as the sole lienholder. (ECF No. 39, ¶ 12, Ex. C; ECF No. 97, ¶ 7, Ex. C; ECF No. 98, ¶ 5, Ex. A.) The DMV then issued title accordingly. (ECF No. 39, ¶¶ 13-15, Ex. D; ECF No. 97, ¶ 8, Ex. D; ECF No. 98, ¶ 5, Ex. B.)

The Contract mandated John-Crane make 78 monthly payments of $807.59 to CPS, beginning November 15, 2024. (ECF No. 39, ¶ 9, Ex. A; ECF No. 97, Ex. A.) John-Crane has not made any payments to CPS. (ECF No. 39, ¶ 26; ECF No. 97, ¶ 9.)

The Contract further prohibited John-Crane from transferring any interest in the Vehicle without CPS's written permission. (ECF No. 39, ¶ 10, Ex. A; ECF No. 97, Ex. A.) CPS has not given John-Crane written permission to transfer any interest in the Vehicle. (ECF No. 39, ¶ 19; ECF No. 97, ¶ 10.) Despite this, John-Crane transferred ownership of the Vehicle to the Trust and named John-Crane Bank as the sole lienholder. (ECF No. 39, ¶¶ 18, 20, 27, Ex. F; ECF No. 98,

Ex. C.) Further, between December 2024 and March 2025, John-Crane submitted several applications to the DMV, which ultimately resulted in a new title being issued on the Vehicle, listing the owner as the Trust and the lienholder as John-Crane Bank, and completely removing CPS as a lienholder. (ECF No. 39, ¶¶ 22, 25; ECF No. 98, ¶¶ 6-8, Exs. C-G.)

The Contract provides that upon default, John-Crane may be required to pay all amounts due under the Contract, and CPS may repossess and dispose of the Vehicle. (ECF No. 39, ¶ 11, Ex. A; ECF No. 97, Ex. A.)

In response to CPS's Motion, John-Crane filed an affidavit contesting CPS's evidence. (ECF No. 101.) The Court has reviewed John-Crane's affidavit and her other filings of record, and finds them to be not credible.

## **Discussion**

CPS filed a Counterclaim against John-Crane, asserting claims for (1) declaratory judgment, (2) breach of contract, (3) detinue, and (4) slander of title. (ECF No. 39.) CPS also filed a Third-Party Complaint against the Trust and John-Crane Bank, asserting claims for (1) declaratory judgment, (2) detinue, and (3) slander of title. (*Id.*)[1] CPS properly served the Trust and John-Crane Bank. (ECF Nos. 71-72.) Except for filings that have been either denied or otherwise stricken for failure to comply with the Court's orders, John-Crane, the Trust, and John-Crane Bank have not answered or properly responded to the Counterclaim and Third-Party Complaint. (ECF Nos. 60-61, 62, 67, 69, 70, 78, 81, 82-83, 85, 89, 94.) Accordingly, on January 16, 2026, default was entered against John-Crane, the Trust, and John-Crane Bank. (ECF No. 95.) Since then, John-Crane, the Trust, and John-Crane Bank have not rectified their default.

---

[1] Additionally, CPS named the DMV as a third-party defendant solely because it is the entity charged with authority to issue title for vehicles in Oregon. (ECF No. 39, ¶ 6.) CPS does not assert any claims against the DMV.

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter default judgment against a party that has failed to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Court finds that the *Eitel* factors weigh in favor of entry of default judgment.

## I. *Eitel* Factors

Applying the required factors, the Court first assesses the potential prejudice to CPS should it deny the Motion. The Court finds that this factor weighs in favor of granting the Motion because John-Crane and the Third-Party Defendants have clouded title to the Vehicle, preventing CPS from exercising its rights under the Contract. Absent default judgment, CPS has no means of restoring its status as the priority lienholder and enforcing its contractual rights.

The second and third *Eitel* factors pertain to the merits of the asserted claims and the sufficiency of the complaint. CPS brings claims for declaratory judgment and slander of title against John-Crane, the Trust, and John-Crane Bank, seeking a finding that its lien on the Vehicle was fraudulently released. (ECF No. 39, ¶¶ 30-33, 41-46.) "Declaratory relief is appropriate where 'the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant

the issuance of declaratory judgment." *Goldingay v. Progressive Casualty Ins. Co.,* 306 F. Supp. 3d 1259, 1267 (D. Or. 2018). And to state a claim for slander of title, the plaintiff must allege, (1) a false statement concerning title; (2) publication of the statement; (3) made with malice; and (4) resulting special damages. *Miller v. C.C. Meisel Co., Inc.*, 51 P.3d 650, 663 (Or. Ct. App. 2002). Accepting the allegations in the Complaint as true, as well as considering the evidence presented by CPS, the Court finds that CPS has sufficiently asserted meritorious claims for declaratory judgment and slander of title regarding the fraudulent release of CPS's lien on the Vehicle title.

CPS also brings a breach of contract claim against John-Crane, and a claim for detinue against John-Crane, the Trust, and John-Crane Bank. (ECF No. 39, ¶¶ 34-37, 38-40.) To state a claim for breach of contract, the plaintiff must allege "the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Or. State Bd. of Clinical Social Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996). Here, the allegations and evidence presented make clear that CPS performed under the Contract by financing John-Crane's purchase of the Vehicle, while John-Crane breached the Contract by failing to make payment as agreed, and by transferring interest in the Vehicle without CPS's permission. A "detinue action is employed to recover a chattel from one in possession who unlawfully detains it from either the true owner or one lawfully entitled to its possession." Williston on Contracts § 1:15 (4th ed.) Here, a holding that John-Crane breached the Contract necessarily entails a ruling in favor of CPS on its claim for detinue, as the Contract gives CPS the right to repossess the Vehicle upon breach, and John-Crane and/or the Trust currently possess the Vehicle. Thus, CPS has sufficiently asserted meritorious claims for breach of contract and detinue, and the second and third *Eitel* factors weigh in favor of default judgment.

The fourth *Eitel* factor is the sum of money at stake in the action. Default judgment is disfavored when the amount of money at stake is substantial. *Eitel*, 782 F.2d at 1471. CPS does not seek a substantial amount of damages—it requests $38,437.42 plus attorneys' fees and costs on its breach of contract claim, and restoration of its lien on the Vehicle title. This factor weighs in favor of default judgment.

The fifth *Eitel* factor considers whether there is the possibility of a dispute regarding material facts. "[B]ecause all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists." *Ogletree, Deakins, Nash, Smoak & Stewart P.C. v. Shari's Mgmt. Corp.*, No. 3:25-cv-774, 2025 WL 3620335, at *3 (D. Or. Oct. 30, 2025). Moreover, the Court has considered John-Crane's affidavit and other filings of record, and finds them to be uncredible. Accordingly, the fifth factor weighs in favor of default judgment.

The sixth factor pertains to whether the default resulted from excusable neglect. There is no evidence of excusable neglect here; indeed, the Court has expressly warned John-Crane and the Third-Party Defendants that failure to respond may result in default. (ECF Nos. 77, 81.) This factor weighs in favor of default judgment.

The final *Eitel* factor requires consideration of the strong policy of the Federal Rules of Civil Procedure that favors making decisions on the merits. "However, as this Court has previously noted, the mere existence of [Rule] 55(b) indicates that this preference, standing alone, is not dispositive, and the preference for a decision on its merits therefore does not preclude a court from granting default judgment." *Ripka v. Robert E. Landweer & Co., Inc.*, No. 6:24-cv-1638, 2025 WL 1084262, at *2 (D. Or. April 10, 2025) (internal quotation marks and

citation omitted). Given all other factors weigh in favor of default judgment, the policy favoring a decision on the merits does not preclude this Court from entering default judgment.

Accordingly, the Court finds that the *Eitel* factors weigh in favor of entry of default judgment against John-Crane, the Trust, John-Crane Bank.

## II. Damages

CPS seeks a declaratory judgment that its lien on the Vehicle title was fraudulently released and asks that a new title be issued that reinstates its priority lien on the Vehicle. The Court finds this remedy to be appropriate, and authorizes the DMV to promptly issue new title reflecting CPS's status as the priority lienholder.

CPS also seeks two forms of damages on its breach of contract claim against John-Crane.[2] First, CPS seeks $38,437.42, the amount it financed for John-Crane's purchase of the Vehicle. The Court finds this relief to be supported by the evidence. Second, CPS seeks its attorneys' fees and costs incurred in this matter, totaling $53,009.71. ECF No. 106. The Contract provides that "[i]f [CPS] refer[s] this contract for collection to an attorney who is not our salaried employee, [John-Crane] will pay the attorney's fee, plus the court costs and disbursements. [John-Crane] will also pay any collection costs [CPS] incur[s] as the law allows." (ECF No. 39, Ex. A; ECF No. 97, Ex. A.) In support of its request for attorneys' fees and costs, CPS's counsel submitted a declaration attesting to the fees and costs charged to CPS in this action and the credentials of the individuals that have worked on the matter. (ECF No. 107.) The Court finds the requested attorneys' fees and costs to be reasonable in light of the procedural history of this action.

[2] CPS does not seek damages on its slander of title and detinue claims.

**Conclusion**

For the reasons above and as stated on record, Consumer Portfolio Services, Inc.'s Motion for Default Judgment (ECF No. 96) and Motion for Attorney's Fees (ECF No. 106) are GRANTED. Judgment shall be entered.

SO ORDERED.

DATED this 26th day of October 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge